

**FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FILED**

**JAN 2 3 2009**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re:                              )
                                    )     Case No. 08-37853
BRYON GEORGE VAN NESS,              )
                                    )     DC No. RDN-1
                                    )
          Debtor.                   )
_____)

**OPINION**
**REGARDING MOTION FOR RELIEF FROM AUTOMATIC STAY**

Randall D. Naiman, Naiman Law Group, PC, San Diego, California
for Deutsche Bank National Trust Company.

KLEIN, Bankruptcy Judge:

    The problem is how to deal with motions for relief from automatic stay that also seek relief available only by adversary proceeding. The practice of adding to stay relief motions procedurally incorrect requests for injunctions or extraordinary equitable relief has become a nuisance. This opinion points out that — in addition to denying the motion or merely rejecting the inappropriate relief — another arrow in the court's quiver is to accept procedurally incorrect requests at face value by deeming the motion to be a complaint commencing an adversary proceeding and requiring payment of the adversary proceeding filing fee.

    Here, the movant seeks extraordinary "in rem" relief not authorized by 11 U.S.C. § 362(d), including a ban on filing future bankruptcy cases by other persons, a ban on automatic stays in future cases, and an order providing for the sheriff to conduct an eviction notwithstanding a future bankruptcy case.

    As injunctive and extraordinary equitable relief requires an adversary proceeding, the present motion for relief from stay is deemed to be a complaint commencing an adversary proceeding. The movant must pay the $100 balance of the $250 adversary proceeding filing fee. The movant's election to combine injunctive relief with stay relief operates to waive the automatic termination provision of § 362(e). A scheduling order shall issue.

1                                FACTS

2          The effort of Deutsche Bank National Trust Company to obtain

3      possession of the debtor's residence on Quiver Drive in Ione,

4      California, through unlawful detainer proceedings attendant to

5      foreclosure was stayed by operation of § 362(a) when the debtor

6      filed his chapter 7 case.

7          Deutsche Bank's ensuing motion for relief from stay under

8      § 362(d), which was styled a "Motion For In Rem Relief," included

9      requests for additional relief that, as will be explained, are

10     not provided for by § 362:

11     ●   "That the order shall further preclude any subsequent filing
           of a bankruptcy case, in any chapter proceeding, for 180
12         days by Debtor, and/or any transferees, and/or any other
           persons or entities in possession of the Property, so as to
13         affect DEUTSCHE BANK'[s] right to retake possession of the
           Property, and should a subsequent filing of a bankruptcy
14         case be made by the Debtor, and/or any transferees, and/or
           any other persons or entities in possession of the Property,
15         the automatic stay of Title 11 U.S.C. section 362 et. seq.
           shall not apply to the Property commonly known as 2543
16         Quiver Drive, Ione, CA 95640."  Motion, at 4.

17

18     ●   "That the order is binding and effective in any bankruptcy
           case, pending or future, no matter who the debtor(s) may be
19         without further notice."  Motion, at 4-5.

20     ●   "The Sheriff may evict the Debtor and any other occupants
           from the Property regardless of any future bankruptcy filing
21         concerning the Property for a period of 180 days from the
           hearing of this Stay Motion without further notice."
22         Motion, at 5.

23         The stated bases for the motion were:  "(a) cause; (b)

24     inadequate protection; and (c) lack of equity."  Motion, at 2.

25

26

27

28                                   3

1                                    ISSUES

2    1.    Whether Rule 9014 permits requests for injunctive relief to

3          be included in a stay relief motion.

4    2.    Whether to exercise discretion to deem a Rule 9014 motion to

5          be a complaint commencing an adversary proceeding per Rule

6          7001 when relief requested requires an adversary proceeding.

7

8                                  DISCUSSION

9         The analysis begins with the parameters of relief from stay

10   under § 362(d) and proceeds to consideration of the procedure to

11   be followed when the relief sought exceeds those parameters.   On

12   both counts, the assessment of motions seeking "in rem" relief is

13   controlled by, and is the logical extension of, <u>Johnson v. TRE</u>

14   <u>Holdings LLC (In re Johnson)</u>, 346 B.R. 190 (9th Cir. BAP 2006),

15   in which such relief was held to be ineffective to preempt the

16   automatic stay in a subsequent case.

17

18                                      I

19        The initial question is whether the extraordinary relief

20   that Deutsche Bank styles as "in rem" relief is a form of relief

21   that is authorized by § 362.

22

23                                      A

24        Two fundamental aspects of the bankruptcy automatic stay are

25   implicated in this situation.

26        First, the filing of a bankruptcy petition operates as a

27

28                                      4

1 stay of the activities described in § 362(a), subject to the
2 exceptions stated in § 362(b).   11 U.S.C. §§ 362(a)-(b); <u>Johnson</u>,
3 346 B.R. at 193-94.   In other words, unless there is an exception
4 within § 362 itself, the stay goes into effect upon filing
5 regardless of whether a previous court has said that a stay will
6 not go into effect.   <u>Johnson</u>, 346 B.R. at 193-94.   As we shall
7 see, the stay exception in § 362(b)(21)(B) for orders barring a
8 debtor from filing another case is narrow and presupposes that
9 the predicate order was procedurally correct, which is precisely
10 the subject of this opinion.   11 U.S.C. § 362(b)(21)(B).

11      Second, the court's authority to adjust the automatic stay
12 is constrained by § 362(d), which delineates four bases for the
13 court to "grant relief from the stay ..., such as by terminating,
14 annulling, modifying, or conditioning such stay."   11 U.S.C.
15 § 362(d).   Those four bases are:   cause, § 362(d)(1); lack of
16 equity in property not needed for an effective reorganization,
17 § 362(d)(2); failure timely to file a plan of reorganization or
18 commence monthly payments in a single asset real estate case,
19 § 362(d)(3); and certain instances of the filing of a petition as
20 part of a "scheme to delay, hinder, and defraud" creditors
21 secured by interests in real property, § 362(d)(4).

22      The grounds asserted by Deutsche Bank in its motion are:
23 "(a) cause; (b) inadequate protection; and (c) lack of equity."
24 The first two invoke § 362(d)(1).   The third invokes § 362(d)(2).
25 No other § 362 basis is asserted for stay relief or for the "in
26 rem" provisions that are requested by Deutsche Bank.

27

28                                                      5

B

It is significant that Deutsche Bank does not invoke

§ 362(d)(4), which does provide a limited form of relief that is

in the nature of "in rem" relief in the sense that it provides a

means for a stay relief order to be binding in another case.

As enacted in 2005, the new § 362(d)(4) provides that, in

addition to adjusting the § 362(a) injunction, an order may be

binding in another bankruptcy case under the following process:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay — ...
> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved either —
> > (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
> > (B) multiple bankruptcy filings affecting such real property.
>
> If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing.  Any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of an order described in this subsection for indexing and recording.

11 U.S.C. § 362(d)(4) (2006).

There are two key requirements for the § 362(d)(4) version

of "in rem" relief.  First, the court must make a determination

that the filing of the petition was "part of a scheme to delay,

6

hinder, and defraud creditors" in either (or both) of the
designated circumstances.

Second, the bankruptcy court's order determining that the
filing of the petition was part of a scheme to delay, hinder, and
defraud creditors in requisite circumstances must be recorded.

What follows from recording the order, as a matter of law,
is that the bankruptcy court's order will be effective for cases
purporting to affect the same real property that are filed up to
two years after entry of the order.  11 U.S.C. § 362(d)(4).

A parallel exception to stay provided by § 362(b)(20) helps
implement § 362(d)(4).  Even so, Congress stipulated in both
subsections that the debtor in a subsequent case is entitled to
obtain relief from that order upon demonstrating changed
circumstances or good cause.  11 U.S.C. §§ 362(b)(20) & (d)(4);
Johnson, 346 B.R. at 196-97; 3 COLLIER ON BANKRUPTCY
¶¶ 362.05[19][a] & 362.07[6] (Henry J. Sommer & Alan N. Resnick
eds. 15th ed. rev. 2006).

Deutsche Bank does not allege that the debtor filed the
chapter 7 case as part of a scheme to delay, hinder, and defraud
creditors.  Nor would any of its proposed "in rem" provisions be
subject to the opportunity for the debtor to obtain relief from
the order by showing changed circumstances or other cause.
Hence, the "in rem" provisions of the relief it seeks are
inconsistent with, and not grounded upon, § 362.

C

Since Deutsche Bank's requested "in rem" provisions are not contemplated by § 362, the question becomes a quest for the authority for the requested relief as to which 11 U.S.C. § 105 does not provide a satisfying answer.

For the reasons explained in <u>Johnson</u>, the automatic stay relief determination is merely an adjustment of a statutory injunction in which the court does not definitively determine interests in property. <u>Johnson</u>, 346 B.R. at 195.

Nor, as also explained in <u>Johnson</u>, does 11 U.S.C. § 105 authorize "in rem" stay relief. It is settled that § 105 is not a roving commission to do equity or to do anything not consistent with the Bankruptcy Code. <u>Johnson</u>, 346 B.R. at 195-96; <u>accord</u>, <u>Norwest Bank Worthington v. Ahlers</u>, 485 U.S. 197, 206 (1988); <u>Knupfer v. Lindblade (In re Dyer)</u>, 322 F.3d 1178, 1190 (9th Cir. 2003); <u>Walls v. Wells Fargo Bank, N.A.</u>, 276 F.3d 502, 507 (9th Cir. 2002); <u>Resorts Int'l, Inc. v. Lowenschuss (In re Lowenschuss)</u>, 67 F.3d 1394, 1402 (9th Cir. 1995); <u>Am. Hardwoods, Inc. v. Deutsche Credit Corp. (In re Am. Hardwoods, Inc.)</u>, 885 F.2d 621, 624-26 (9th Cir. 1989); <u>Bear v. CoBen (In re Golden Plan of Cal., Inc.)</u>, 829 F.2d 705, 713 (9th Cir. 1986); <u>Yadidi v. Herzlich (In re Yadidi)</u>, 274 B.R. 843, 848 (9th Cir. BAP 2002).

In short, there does not appear to be direct statutory authority for an order that bans the filing of future bankruptcy cases by other persons, bans automatic stays in future cases, and authorizes the sheriff to ignore a future bankruptcy case when

8

conducting an eviction.

The extraordinary "in rem" relief that Deutsche Bank seeks
is focused upon the Quiver Lane property.  Since the relief would
be effective against other persons or entities in possession of
the property, it affects an interest in real property and somehow
must be attached to the property.

The absence of direct statutory authority for the proposed
relief does not necessarily mean that the proposed relief could
not be awarded.  Rather, for purposes of analysis and assuming
without deciding that the relief would be appropriate, it could
be based on principles of general equity jurisdiction.  The
exercise, however, of such jurisdiction is serious business that
requires careful balancing of interests as the court exercises
its discretion.  See, e.g., Weinberger v. Romero-Barcelo, 456
U.S. 305, 311-13 (1982) (basic injunction principles restated);
c.f., Owner-Operator Indep. Drivers Ass'n v. Swift Transp. Co.,
367 F.3d 1108, 1111 (9th Cir. 2004) (preliminary injunction);
Miller v. Cal. Pac. Med. Ctr., 19 F.3d 449, 456 (9th Cir. 1994)
(same).  As noted, such relief must also be consistent with the
Bankruptcy Code because general equitable power, to the extent it
may be more expansive than § 105, is no more of a roving
commission than is § 105.

The relief that Deutsche Bank seeks that goes beyond what is
contemplated by § 362 would be permissible, if at all (no view is
being expressed regarding the ultimate merits), as an exercise of
basic equity jurisdiction.

9

Any such order would amount to extraordinary relief based on general equitable authority. When extraordinary relief in the form of an injunction or other equity-based order not directly authorized by the Bankruptcy Code is under consideration, the affected parties are entitled to all the process that is due.

## II

Next come the rules of procedure. Rule 7001 mandates that an injunction or other equitable relief be obtained by way of adversary proceeding or plan confirmation, rather than by way of a "contested matter" motion. Fed. R. Bankr. P. 7001(7).

## A

An adversary proceeding under Federal Rule of Bankruptcy Procedure 7001 is essentially indistinguishable from a civil action under the Federal Rules of Civil Procedure. <u>See</u> Christopher Klein, <u>Bankruptcy Rules Made Easy (2001): A Guide to the Federal Rules of Civil Procedure that Apply in Bankruptcy</u>, 75 AM. BANKR. L.J. 35, 38 (Winter 2001).

In contrast, a contested matter under Federal Rule of Bankruptcy Procedure 9014 is a motion procedure susceptible of more expeditious resolution than an adversary proceeding. In particular, the pleading rules that entail complaint, answer, counterclaim, crossclaim, and third-party practice are dispensed with in favor of a simple motion procedure. <u>Johnson</u>, 346 B.R. at 195; <u>Khachikyan v. Hahn (In re Khachikyan)</u>, 335 B.R. 121, 125-26

10

(9th Cir. BAP 2005); <u>GMAC Mortgage Corp. v. Salisbury (In re</u>
<u>Loloee)</u>, 241 B.R. 655, 660 (9th Cir. BAP 1999); <u>United States v.</u>
<u>Valley Nat'l Bank (In re Decker)</u>, 199 B.R. 684, 690 (9th Cir. BAP
1996) (concurring op.); Klein, 75 AM. BANKR. L.J. at 40-41.

A motion for relief from the § 362 automatic stay is a Rule
9014 contested matter.  Fed. R. Bankr. P. 4001(a)(1).

It is settled that a Rule 9014 motion cannot be used to
circumvent the requirement of an adversary proceeding.  <u>Golden</u>
<u>Plan</u>, 829 F.2d at 711-12; <u>Loloee</u>, 241 B.R. at 660-62.

The only "in rem" order that is available through a motion
for stay relief is that provided by § 362(d)(4), which does not
entail an injunction.  Congress narrowly circumscribed that
procedure in a fashion tailored to a balance of creditor and
debtor rights.  Deutsche Bank does not allege a "scheme to delay,
hinder, and defraud creditors" in qualifying circumstances and
does not otherwise invoke § 362(d)(4).

B

The forms of relief that Deutsche Bank seeks are
unambiguously requests for the court to exercise its general
equity jurisdiction to order an injunction or other equitable
relief affecting an interest in property.  An adversary
proceeding is required in order to obtain such relief.  Fed. R.
Bankr. P. 7001(2) & (7).

11

1

The requested order prohibiting for 180 days the subsequent filing of a bankruptcy case by the debtor or by other persons to whom the subject property may be transferred is in the nature of an injunction not specifically authorized by the Bankruptcy Code.

To be sure, orders made on motion under two Bankruptcy Code provisions can operate to bar certain future filings, but both instances are associated with orders dismissing a pending case.

First, Bankruptcy Code § 109(g) renders an individual debtor or family farmer ineligible to be a debtor for 180 days if either of two conditions are satisfied. 11 U.S.C. § 109(g). The first arises if the court dismisses the case "for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case." 11 U.S.C. § 109(g)(1). The second arises if the debtor seeks, and receives, a voluntary dismissal of the case after a creditor has made a motion for relief from stay. 11 U.S.C. § 109(g)(2).

Neither of the § 109(g) alternatives contemplates a direct order by the court to the debtor prohibiting a filing. Rather, the 180-day ineligibility follows as a matter of law either from an order dismissing the case that recites one of the § 109(g)(1) conditions or by reference in a later case to the docket of the prior case to establish the § 109(g)(2) timing sequence of voluntary dismissal following stay relief motion. Thus, no order directly prohibiting another filing within 180 days is needed.

Moreover, § 109(g) does not extend to the persons or

12

entities other than the debtor that Deutsche Bank wants barred.

Second, the court has discretion under Bankruptcy Code § 349(a) to preclude future filings. 11 U.S.C. § 349(a). That section provides, "[u]nless the court, for cause, orders otherwise," dismissal of a bankruptcy case is without prejudice to future filings. See Leavitt v. Soto (In re Leavitt), 171 F.3d 1219, 1223 (9th Cir. 1999) (§ 349(a) authorizes a bankruptcy court to dismiss a case with prejudice). The requisite § 349(a) "cause" for entering a dismissal with prejudice, which is not further defined in the Bankruptcy Code, is governed in the Ninth Circuit by "the totality of the circumstances," including whether the debtor made misrepresentations, the debtor's history of filings and dismissals, whether the debtor only intended to defeat state court litigation, and whether egregious behavior is present. Id., at 1224.

Neither § 109(g) nor § 349(a) applies here because no dismissal of the case is involved. Deutsche Bank has not moved to have the case dismissed, much less dismissed with prejudice. Nor, in any event, do those provisions support prohibiting third persons from filing bankruptcy cases.

Since the 180-day filing prohibition sought by Deutsche Bank is not associated with a dismissal and is not grounded on specific provisions of the Bankruptcy Code, the authority to issue a stay relief order prohibiting the debtor and third parties from filing a bankruptcy case affecting the subject property must turn on the court's general equity jurisdiction

13

discussed above.  An adversary proceeding is required.  <u>Golden</u>
<u>Plan</u>, 829 F.2d at 711-12; <u>Johnson</u>, 346 B.R. at 195; <u>Loloee</u>, 241
B.R. at 660-62.

Bankruptcy Code § 362(d)(21)(B) does not compel a contrary
result.  11 U.S.C. § 362(d)(21)(B).  The stay exception created
by that provision is limited to a debtor in a prior case and
applies only if a 180-day prohibition was ordered in a prior
bankruptcy case, which would be a straightforward enforcement of
a provision in a dismissal order issued under § 349(a).  It does
not apply to prohibitions addressed to third parties.  Moreover,
it presupposes that the order in the prior case was procedurally
correct but does not dictate the appropriate procedure for having
obtained such an order, which could have been a contested matter
in the case of a § 349(a) order or an adversary proceeding in the
case of an injunction issued under general equity jurisdiction.

In this instance, the particular 180-day filing prohibition
that is requested requires an adversary proceeding.


                                2


Deutsche Bank also seeks an order to the effect that stay
relief granted on the instant motion be "binding and effective in
any bankruptcy case, pending or future, no matter who the
debtor(s) may be without further notice."  Upon scrutiny, this
request is not grounded upon a Bankruptcy Code provision and is
of doubtful validity.

Of course, as to third parties, there is a basic due process

                                14

problem that virtually compels the more formal process of an
adversary proceeding.  <u>Mullane v. Cent. Hanover Bank & Tr. Co.</u>,
339 U.S. 306, 314-15 (1950).

A fundamental statutory problem with Deutsche Bank's request
is that the court is being asked to trump the application of
§ 362(a) in a future case in a manner that appears to contradict
that section.  The key portion of § 362(a) provides that the
filing of a case "operates as a stay, applicable to all
entities," of acts against the debtor or property of the estate
"[e]xcept as provided in subsection (b) of this section."
Deutsche Bank apparently wants this court to forge an additional
qualifier to § 362(a) ("unless some prior judge said otherwise"),
which cannot be done.

To be sure, § 362(b) does provide two stay exceptions that
might become applicable.  Neither, however, contemplates an order
by this court directing that the § 362(a) stay not apply.

First, if Deutsche Bank were to go through the steps
necessary to obtain stay relief under § 362(d)(4) in this case,
then § 362(b)(20) automatically provides a stay exception that
would apply to the debtor in a subsequent case for two years
unless that debtor were to demonstrate changed circumstances or
other good cause.  11 U.S.C. § 362(b)(20).  Since Deutsche Bank
does not seek § 362(d)(4) relief, the § 362(b)(20) stay exception
cannot apply in a future case.

Second, § 362(b)(21) provides a stay exception that would
apply in a future case if the debtor is ineligible to be a debtor

by virtue of § 109(g) or if this court prohibits the debtor in this case from being a debtor in a later case.  11 U.S.C. § 362(b)(21).  The difficulty here is that, since there is no present prospect of a dismissal that would trigger either § 109(g) ineligibility or an opportunity to "order otherwise" under § 349(a) with respect to prejudice attendant to dismissal, the only procedural avenue for this court to issue an order prohibiting the debtor from filing another bankruptcy case is an adversary proceeding.  Similarly, since § 362(b)(21) does not apply to third parties, an adversary proceeding is also required on that account.

In addition, Bankruptcy Code § 362(c)(4)(A)(i) provides that the stay will not go into effect if an individual debtor was the subject of two or more cases (other than one refiled under 11 U.S.C. § 707(b)) pending within the prior year.  11 U.S.C. § 362(c)(4)(A)(i).  As with § 362(b)(20) and § 362(d)(4), Congress included an elaborate mechanism for reimposing the stay upon a showing of good faith.  11 U.S.C. § 362(c)(4)(B)-(D).  The application of this provision in a future case does not depend upon this court having issued any order directly addressing the stay in future cases.

Thus, this motion is not an appropriate vehicle for obtaining this aspect of the relief Deutsche Bank requests.

16

3

Deutsche Bank's final request is for an order permitting the sheriff to "evict the Debtor and any other occupants from the Property[,] regardless of any future bankruptcy filing concerning the Property[,] for a period of 180 days from the hearing of this Stay Motion without further notice."

A host of difficulties arise.  No Bankruptcy Code provision authorizes such an order.  Moreover, the order apparently would preempt state law eviction process and state law defenses.

The motion papers make clear that Deutsche Bank has not yet completed the unlawful detainer process.  It has not removed its action from state court and is not asking this court to conduct an unlawful detainer proceeding.  Without a judgment of unlawful detainer and a valid writ of possession, Deutsche Bank cannot enlist the sheriff's assistance in evicting the debtor, regardless of the existence or status of any bankruptcy case. See CAL. CIV. PROC. CODE §§ 1174, 712.010, 712.030.

The portion of the requested relief that does not purport to trump § 362(a) in future bankruptcy cases is tantamount to asking the bankruptcy court to complete a California unlawful detainer proceeding that had been commenced but not concluded when the bankruptcy case was filed.

While the bankruptcy jurisdiction arguably is sufficiently broad so as to permit it to entertain an unlawful detainer, such a proceeding would necessarily be a proceeding to determine the validity of an interest in property and to recover the property

17

that must, per Rules 7001(1) and (2), be pursued by adversary proceeding. Fed. R. Bankr. P. 7001(1) & (2).

As a practical matter, there is also an abstention barrier to unlawful detainer actions in bankruptcy court. Since the unlawful detainer was pending in state court when the bankruptcy case was filed and presumably can be timely adjudicated, mandatory abstention under 28 U.S.C. § 1334(c)(2) could force Deutsche Bank back to state court. In any event, Deutsche Bank should expect that a bankruptcy court would dispose of an unlawful detainer action by exercising its discretion "in the interest of comity with State courts or respect for State law" to invoke permissive abstention under 28 U.S.C. § 1334(c)(1).

In short, no portion of the relief sought in this request is eligible to be awarded as part of a motion for relief from stay. An adversary proceeding is required.

4

Deutsche Bank does include in its motion some relief that is appropriate to grant in a stay relief motion.

It wants relief to proceed with its remedies under nonbankruptcy law to recover possession of the property. This is a legitimate, garden-variety stay relief request.

It also requests that the court waive the ten-day stay under Federal Rule of Bankruptcy Procedure 4001(a)(3) of its order granting relief from stay. Since that rule provides that an order granting relief from stay does not become effective until

18

ten days after the date of entry "unless the court orders otherwise," the natural time and place for the court to "order otherwise" is in the relief order itself.

Deutsche Bank's request for an order stating that the court's termination of the automatic stay will be binding despite conversion of the case to another chapter unless a specific exception is provided by the Bankruptcy Code is a common, albeit silly, request in a stay relief motion and does not require an adversary proceeding. Settled bankruptcy law recognizes that the order remains effective in such circumstances. See, e.g., Aloyan v. Campos (In re Campos), 128 B.R. 790, 791-92 (Bankr. C.D. Cal. 1991); In re Greetis, 98 B.R. 509, 513 (Bankr. S.D. Cal. 1989). Hence, the proposed provision is merely declarative of existing law and is not appropriate to include in a stay relief order.

Indeed, requests for including in orders provisions that are declarative of existing law are not innocuous. First, the mere fact that counsel finds it necessary to ask for such a ruling fosters the misimpression that the law is other than it is. Moreover, one who routinely makes such unnecessary requests may eventually have to deal with an opponent who uses the fact of one's pattern of making such requests as that lawyer's concession that the law is not as it is.

As pertinent to the present analysis, however, including in a stay relief motion a request for a statement declarative of existing law, even though useless and unlikely to be adopted, does not require an adversary proceeding.

19

C

A final procedural point is important.  The relation between Rules 7001 and 9014 is not a two-way street.  While it is not permissible to seek Rule 7001 adversary proceeding relief as part of a Rule 9014 contested matter, the converse is not true.  There is no impediment to including a contested matter issue in an adversary proceeding.

If, however, a party in interest presents a request for relief from automatic stay as part of an adversary proceeding, then that party necessarily waives the deadlines created by § 362(e) for determination of the stay relief question.

III

Having concluded that an adversary proceeding is necessary before some of the relief requested by Deutsche Bank can be considered, the question resolves itself to how to deal with the matter.  There are at least three arrows in the court's quiver.

First, the court could entertain the stay relief motion as a simple stay relief motion and grant only the relief that may be granted in such a motion, leaving it to the movant to file a subsequent adversary proceeding if it desires the further relief. This could result in $400 in filing fees ($150 for the stay relief motion, plus $250 for an adversary proceeding).  While expedient because the adversary proceeding does not commonly ensue, it is the experience of this court that it does little to abate the nuisance of having to be careful to police that which

20

1  can and cannot be granted in a stay relief order.

2  　　Second, the court could deny the motion outright because it
3  seeks relief in a procedurally incorrect manner.  This has the
4  disadvantage of forcing the additional expense of preparing
5  another motion and paying a total of $300 in filing fees.

6  　　Third, the court can accept the procedurally incorrect
7  requests for relief at face value and, pursuant to its obligation
8  to construe the rules to secure the just, speedy, and inexpensive
9  determination of every case and proceeding, deem the contested
10  matter to be an adversary proceeding.  Fed. R. Bankr. P. 1001.
11  This alternative has the advantage of honoring the movant's
12  desire to have the court entertain all requests for relief.
13  Moreover, since it merely involves the transformation of a filed
14  matter, the total filing fee will be the $250 for a single
15  adversary proceeding.

16  　　The choice among the alternatives is within the discretion
17  of the court.  In this instance, the court chooses the third
18  alternative.  The way to prevent a stay relief motion from being
19  deemed an adversary proceeding is to omit from the motion every
20  request that exceeds the simple stay relief provisions of § 362.

21

22  　　　　　　　　　　　　CONCLUSION

23  　　Deutsche Bank has sought relief in its motion that can be
24  entertained only by way of adversary proceeding.  The court
25  chooses to give equal dignity to all of the requests for relief.
26  In order to do so, an order will be issued deeming Deutsche

27

28  　　　　　　　　　　　　　21

Bank's stay relief motion to be a complaint commencing an
adversary proceeding and clarifying that it has waived the effect
of § 362(e).  The clerk shall assign an adversary proceeding
docket number.  Deutsche Bank shall pay to the clerk the unpaid
$100 balance of the $250 filing fee.  A scheduling order shall
issue, which shall require the filing of an amended complaint.

Dated: January 23, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

22

1

**CERTIFICATE OF SERVICE**

2          On the date indicated below, I served a true and correct copy(ies) of the attached
document by placing said copy(ies) in a postage paid envelope addressed to the person(s)
3   hereinafter listed and by depositing said envelope in the United States mail or by placing said
copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.
4

Craig Close
5   P.O. Box 2522
Truckee, CA 96160
6

Randall D. Naiman
7   Naiman Law Group, PC
4660 La Jolla Village Drive, #500
8   San Diego, CA 92122

9
Bryon George Van Ness
10  PO Box 4345
Ione, CA 95640

11

David Foyil
12  18 Bryson Dr
Sutter Creek, CA 95685
13

14  F. Ryan Lucksinger
PO Box 1257
15  Rocklin, CA 95677

16

17  Dated:
        JAN 2 7 2009
18
                                    _Sheryl Beverly_
19                                  DEPUTY CLERK
20

21

22

23

24

25

26

27

28                                  23